IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHICO NORWOOD                                                                                    PLAINTIFF

      v.                          Civil No.  13-2016

DEPARTMENT OF HUMAN
SERVICES, Fort Smith, Office                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Chico Norwood filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

#### 1.  Background

Norwood maintains he has been told that he could not live in the same household as his children.  He alleges that he is a Level 2 Sex Offender and Defendant has violated his constitutional rights by limiting his contact with his children.  He points out his children were not born until after his conviction of a sexual offense.  As relief, he prays for damages in the amount of $15,000.

#### 2.  Discussion

The claims against the Department of Human Services are the equivalent of claims against the State of Arkansas and are subject to dismissal.  The claims are barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989).  "The Eleventh

-1-

Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### 3.  Conclusion

Accordingly, I recommend that Plaintiff's complaint be dismissed prior to service of process for failure to state a claim.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE